UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MARVIN AIKENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR417-043 |
| | ) | CV418-203 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff was directed to file an amended habeas petition. Doc. 70.[1] When he failed to do so, the Court entered a show cause order directing him to assert why his case should not be dismissed. Doc. 71. Plaintiff again failed to comply with the Court's order. It appears that his noncompliance is the result of his failure to keep the Court apprised of his current address. *See* docs. 72–74. Therefore, the Court **RECOMMENDS** that this case be **DISMISSED**.

A party is required to notify the Court if his mailing address becomes unreliable. S.D. Ga. L.R. 11.1 ("Each attorney and *pro se* litigant has a

---

[1] Unless otherwise noted, the Court cites to the criminal docket in Case No. CR417-043.

continuing obligation to apprise the Court of any address change."). He is also required to monitor the Court's docket, *see Yeschick v. Mineta*, 675 F.3d 622, 629–30 (6th Cir. 2012) ("[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal"), and comply with all relevant orders and rules, *see Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules."). Where a plaintiff fails to do so, the Court has the authority to prune his case from its docket. *See* S.D. Ga. L.R. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). As plaintiff has failed comply with both local rules and orders of the Court, it is **RECOMMENDED** that the case be **DISMISSED**.

    This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may

file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 14th day of December, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA